UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
SYLVIA ABRAMS on behalf of herself and all
others similarly situated

                Plaintiff,

      -against-

JOHN GLENN ASSOCIATES, INC.

                Defendant.

------------------------------------------------------------

ECF CASE
07 CV 7861 (JGK)

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Sylvia Abrams seeks redress for the illegal practices of John Glenn Associates, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within New York County, New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Nu Island Partners, LLC.

4. Upon information and belief, John Glenn Associates, Inc. is a New York corporation with its principal place of business located in Williston Park, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Sylvia Abrams*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, on or about February 8, 2007 the defendant sent the plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license number with the Department of Affairs.

12. In order to attempt to collect the within alleged debt from the plaintiff, who resides in New York City, the defendant must be licensed with the Department of Consumer Affairs.

13. Upon information and belief, the present underlying creditor purchased the plaintiff's alleged debt after it was rendered in default.

14. According to the Department of Consumer Affairs, a debt buyer is considered a collection agency whereby Nu Island Partners LLC must be licensed in order to collect debts from New York City residents.

15. Furthermore, any plaintiff must satisfy all licensing requirements in order to bring legal actions in the New York State courts.

16. The said February 8, 2007 letter at issue states as follows: "This is your FINAL NOTICE from us. Unless we hear from you, or receive the full payment from you **IMMEDIATELY**, additional actions, which might include **LEGAL ACTION**, will be taken to resolve this situation.

17. Said letter contains false threats because the defendant was not licensed with the New York City Department of Consumer Affairs at the time of the sending of the June 12, 2006 letter to the plaintiff.

**18.** The said actions of the defendant are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) and 1692(10) for engaging in deceptive and illegal practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

19. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of plaintiff and the members of a class.

21. The Class consists of consumers who received the same form letter, as did the plaintiff.

22. The Class consists of all persons whom Defendant's records reflect resided in the New York City and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 8, 2007 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(5) and 1692e(10) and 1692f by engaging in deceptive and illegal and unfair practices.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA by failing to obtain a license and/or publish said license on its collection letters.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

27. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 3, 2007

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)