**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

August 24, 2008

**VIA ECF**
The Honorable Theodore H. Katz
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1368

RE:   Abrams v. John Glenn
      07 CV 7861 (JGK)

Dear Magistrate Judge Katz:

I represent the plaintiff in the above referenced matter. I am responding to the defendant's motion for an extension of time to respond to the Court's Order concerning contempt of court and sanctions. While I have consented to the defendant's application to request an extension of time to respond to the Court's order, that in no way should be construed by the Court that we are in any way condoning the actions of the defendant.

I am told that the defendant at one time had 45 employees and engages in mostly commercial collection work. It seems that the history of the defendant and the type work in which it is involved leads me to believe that the defendant has some sophistication and is not an unsophisticated consumer that cannot appreciate the receipt of a subpoena first signed by an attorney and then signed by a federal court Magistrate Judge, meaning, Your Honor.

I believe that counsel for defendant has taken a cavalier attitude to represent to this Court that an entry of default was not the result of any willful failure on behalf of the defendant. The defendant has repeatedly ignored all attempts at contacting the defendant which were mostly done by formal service of the document. Furthermore, the defendant did have the sophistication that earlier in the litigation when I attempted to send an email to the defendant, apparently, the defendant blocked my computer from sending further emails. Furthermore, in response to one of the subpoenas, all I received was a copy of what seems to be the initial letter in the defendant's collection series of letters.

When I spoke with someone named John, he told me that he will have his attorney, Scott Cohen, get in contact with me. That never occurred. So again, for defendant's newly retained counsel to attempt in good faith to suggest to the Court that any entry of default

was not the result of the defendant's willful failure is a rather cavalier attempt to squelch the similarly cavalier approach the defendant has repeatedly shown to this litigation.

While there may not have been a formal entry of default, it was clear from the conference before Judge Koeltl that the judgment would be held in abeyance as I needed to procure information to file a motion for class certification.

For the defendant to suggest that it may file an answer to the complaint after so much time has elapsed is a further demonstration of its cavalier attitude to the unsavory travel of this matter.

Furthermore, plaintiff submits that all allegations including class action allegations have been deemed admitted by the defendant.  Therefore, plaintiff submits that defendant has waived its right to respond to merits of the matter in any way.  Plaintiff submits that the only issue the defendant may protest as this time is amount of damages the Court is to award to the plaintiff and to the purported class.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,


Adam J. Fishbein

Cc:	Jason P. Sultzer, Esq.