# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, New York 10604-3407    Tel: (914) 323-7000    Fax: (914) 323-7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

JASON P. SULTZER
E-mail: jason.sultzer@wilsonelser.com

September 3, 2008



**BY ELECTRONIC CASE FILING**
**DEFENDANT JOHN GLENN'S RESPONSE**
**TO THE COURT'S ORDER TO SHOW CAUSE**
**DATED AUGUST 14, 2008**
**AND REQUEST FOR EXTENSION OF TIME**

The Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1660
New York, New York 10007-1312

   Re: *Sylvia Abrams v. John Glenn Associates, Inc.*, 07-cv-7861 (JGK) (THK)

Dear Honorable Sir:

  This firm represents Defendant John Glenn Associates, Inc. ("John Glenn") in connection with the above-captioned matter. We respectfully request that the Court abandon its inquiry concerning whether John Glenn should be held in civil contempt of Court for the following two reasons:

  *First*, we are pleased to advise the Court that the underlying dispute between Plaintiff and John Glenn has been resolved through an out of court settlement agreement, which resolved all issues (including any discovery related issues) between the parties. Thus, based on this settlement, John Glenn respectfully requests that the Court not pursue any further inquiry with respect to holding it in contempt of court. In similar circumstances other Courts have held that there "is no basis for civil contempt" concerning discovery violations when the parties had subsequently entered into a settlement agreement after a party failed to comply with prior court orders concerning discovery. *See Blake Associates, Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 293 (D. Mass. 1988); *see also Bender v. Del Valle*, 2007 U.S. Dist. LEXIS 41493, at *7-*8 (S.D.N.Y. 2007) (court declined to issue contempt order or impose sanctions against defendant for failing to timely comply with plaintiff's subpoena because defendant ultimately complied with same in response to court's order to show cause); *24 Hour Fitness U.S.A., Inc. v. 24/7 Tribecca Fitness, LLC*, 2006 U.S. Dist. LEXIS 46063, at *9-*10 (S.D.N.Y. 2006) (same); *Yash Raj Films (USA) Inc. v. Bobby Music Co. & Sporting Goods Inc.*, 2006 U.S. Dist. LEXIS 96376,

2105181.1

The Honorable Theodore H. Katz
United States Magistrate Judge
*Sylvia Abrams v. John Glenn Associates, Inc.*
Docket No.: 07-cv-7861 (JGK) (THK)
Page 2 of 2
September 3, 2008

at * 16 (E.D.N.Y. 2006) ("Civil contempt seeks to coerce the contemnor into compliance with the court's order or... *to compensate the complaining party for losses incurred as a result of the contemnor's conduct*."). Thus, as John Glenn ultimately complied with Plaintiff's subpoena through the resolution of this matter, we do not believe there is any need for the Court to determine whether John Glenn should be held in contempt.

*Second*, in the event the Court still desires to make such a determination, John Glenn respectfully requests an extension until Friday, September 5, 2008 to submit a sworn affidavit from its principal explaining why the Company's failure to respond to the subpoena was not willful but instead was the fault of a former employee who originally received the subpoena but failed to notify the Company's management about its existence.

*Finally*, in light of the settlement, and after conferring with plaintiffs' counsel, both parties respectfully request that the upcoming conference before your Honor currently scheduled for September 4, 2008 be adjourned.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/S/

Jason P. Sultzer

JPS:dz
Enclosure

BY ECF

cc: Adam J. Fishbein, P.C.
483 Chestnut Street
Cedarhurst, New York 11516
With enclosure

**BY E-MAIL AND FACSIMILE**

*In light of the parties' settlement, Defendant need not respond to the Order to Show Cause.*

**SO ORDERED**
9/4/08
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

2105181.1